UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ULTIMATE TIMING, L.L.C., a Washington limited liability company, and ARASH KIA, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:09-mc-6-RLY-WGH |
| DAVID SIMMS, an individual, SA INNOVATIONS, LLC, d/b/a SAI TIMING & TRACKING, a Michigan limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| TACIT SOLUTIONS, INC., an Indiana Corporation; and CHRONOTRACK SYSTEMS, INC., an Indiana Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:09-cv-142-SEB-WGH |
| ARASH KIA, an individual; and ULTIMATE TIMING, L.L.C., a Washington Limited Liability Company, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO QUASH AND FOR A
PROTECTIVE ORDER, MOTIONS TO CLARIFY AND/OR TO
RECONSIDER, AND INITIAL PRETRIAL CONFERENCE**

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on a Motion to Quash and for a Protective Order and a

FRCP 16 Conference with Magistrate filed December 2, 2009 (Docket No. 21) and a Motion to Clarify and/or to Reconsider and Motion for an FRCP 16 Conference with Magistrate filed December 4, 2009 (Docket No. 23) in Cause No. 3:09-mc-6-RLY-WGH, and a Motion to Clarify and/or to Reconsider and Motion for an FRCP 16 Conference with Magistrate filed December 4, 2009 (Docket No. 38) in Cause No. 3:09-cv-142-SEB-WGH. The Magistrate Judge conducted a telephonic hearing on the record on December 24, 2009, at 11:00 a.m., and continued to December 29, 2009, at 3:00 p.m. The parties were represented by counsel.

Thereupon the following **ORDERS** are entered:

1. The Subpoenas issues under Cause No. 2:08-cv-1632-MJP in the United States District Court for the Western District of Washington at Seattle ("Washington case") will be enforced to the following extent:

    (a) The depositions shall be scheduled for January 11 and 12, 2010.

    (b) By agreement of the parties, all documents produced in the Washington case shall be reviewed and reviewable by Ms. Blanton and Mr. Casey.

    (c) By agreement of the parties, Mr. Fisher will produce copies of all materials not previously produced in the Washington case at the expense of Chronotrack Systems, Inc. ("Chronotrack"). It is anticipated that these materials are stored electronically and that a disk can be produced and returned to Chronotrack in the very early days of the week of December 28, 2009.

2. With respect to the materials to be produced responsive to the Request for Production of Documents and prior Subpoenas served upon Chronotrack, the

Magistrate Judge concludes that race results are not protected for attorneys' eyes only or highly confidential materials. Counsel for Chronotrack will address the approximately 1,000 emails produced and will advise counsel for Arash Kia ("Kia") whether those emails should be considered to be non-confidential, confidential, or highly confidential as defined in the Protective Order already in place in the Washington case. He will advise and make these elections by December 31, 2009.

3. With respect to the Subpoena Duces Tecum issued to Tacit Solutions, Inc., the time period for production will be limited to July 1, 2007, to the current date, and the subject matters will be limited only to race-based technology. The Magistrate Judge has indicated that the definition of race-based technology should be construed quite narrowly when reviewing information to be produced at this stage of the litigation.

4. With respect to Cause No. 3:09-cv-142-SEB-WGH, this conference will be construed to be the initial pretrial conference required by the parties to establish discovery deadlines. The parties are directed to confer concerning an appropriate protective order in this case and shall file a joint case management plan within fifteen (15) days of the date of this entry.

5. With respect to the Subpoena Duces Tecum directed to Chronotrack, the Motion for Protective Order is **GRANTED, in part,** and **DENIED, in part.** Chronotrack shall respond to the Subpoena, but the documents to be produced are as follows:

(a)  The documents requested in paragraph 1 are to be produced.

(b)  The documents to be produced under paragraph 2 shall be related only to those showing to the ownership, investment, and/or funding of Chronotrack by David Simms.

(c)  The documents requested in paragraph 3 are to be produced.

(d)  The Motion for Protective Order is granted as to paragraphs 4, 8, 9, 10, and 12.

(e)  As to paragraph 5, the documents produced shall be limited to show David Simms or Germaine Simms' contributions to Chronotrack's capital.

(f)  The Motion for Protective Order is denied as to paragraphs 6 and 7.

(g)  The Motion for Protective Order is denied as to paragraph 11 (as to documents or emails specifically naming Kia, Ultimate Timing, L.L.C. ("Ultimate Timing"), or Athlete's Lounge).

(h)  With respect to paragraphs 13 and 14, the documents produced will be redacted to protect the identity of any customers or vendors.

(i)  As to paragraph 15, research and development documents shall be produced to the extent that those documents show communication to David Simms. With respect to any other research and development documents which do not bear an indication that David Simms has received copies or participated in the preparation of the documents, the documents shall be limited to any such documents that were produced prior to April 1, 2008, but not thereafter. Chronotrack may redact from these documents information which they in good faith believe to be independent developments not involving David Simms. Any redaction from these items shall leave sufficient unredacted data on the items not produced to allow Ultimate Timing to file an appropriate challenge to the designation and redaction.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** January 8, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to counsel in 3:09-mc-6-RLY-WGH:**

Carter M. Mann
FOSTER PEPPER LLP
601 SW Second Avenue
Suite 1800
Portland, OR 97204-3171

Jason Alan Wright
ROBERTS KAPLAN LLP
jwright@robertskaplan.com

William D. Fisher
PERKINS COIE LLP
WFisher@perkinscoie.com

Andrew Scott Ward
KECK & FOLZ
award@evansville.net

**Copies to counsel in 3:09-cv-142-SEB-WGH:**

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
ahlers@kddk.com

Richard L. Baum
ROBERTS KAPLAN LLP
rbaum@robertskaplan.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS
jblanton@zsws.com

James P. Casey
ZIEMER STAYMAN WEITZEL & SHOULDERS
JCasey@zsws.com

William D. Fisher
PERKINS COIE LLP
WFisher@perkinscoie.com

Andrew Scott Ward
KECK & FOLZ
award@evansville.net

Jason Alan Wright
Roberts Kaplan LLP
jwright@robertskaplan.com