1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ULTIMATE TIMING, L.L.C., a Washington limited liability company; and ARASH KIA, an individual, | Case No. 2:08-CV-01632-MJP |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE** |
| v. | |
| DAVID SIMMS, an individual; SA INNOVATIONS, LLC d/b/a SAI TIMING & TRACKING, a Michigan limited liability company, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion to consolidate.  (Dkt. No. 146.[1])
The Court has considered the motion, Defendants' response (Dkt. No. 158), Tacit Solutions
and Chronotrack's response (Case No. C10-0598MJP; Dkt. No. 71), the reply (Dkt. No.
160), and all other pertinent documents in the record.  For the reasons set forth below, the
Court DENIES the motion to consolidate.

**Background**

Plaintiffs move to consolidate Ultimate Timing, et al. v. Simms, et al. (C08-
1632MJP) (the "Ultimate Timing" matter) with Tacit Solutions, Inc., v. Kia, et al. (C10-
0598MJP) (the "Tacit Solutions" matter).  A brief summary of the procedural posture of each
case is a useful starting point for the Court's analysis.

_____

[1] Unless otherwise noted, all citations to the docket refer to Ultimate Timing, et al. v.
Simms, et al., C08-1632MJP.

1    I.   The Ultimate Timing Action (C08-1632MJP)

2        On November 7, 2008, Ultimate Timing, L.L.C. and Arash Kia (together

3    "Ultimate/Kia") filed a complaint against David Simms and SA Innovations, LLC (together

4    "Simms/SAI") in this Court.  (Dkt. No. 1.)  In essence, the complaint alleges Kia developed a

5    novel process to time sports events using Radio Frequency Identification ("RFID") tags and

6    Simms/SAI violated several agreements between the parties by misappropriating the

7    innovation.  (Compl. ¶¶ 7-34.)   The Court originally set March 25, 2009 as the deadline for

8    joinder, but extended the deadline to May 26, 2009.  (Dkt. No. 23.)  Discovery has ended, the

9    parties have filed cross-motions for summary judgment, and trial is set to begin on June 14,

10   2010.

11   II.   The Tacit Solutions Action (C10-0598MJP)

12       On September 11, 2009, Tacit Solutions and Chronotrack Systems (together

13   "Tacit/Chronotrack") filed a declaratory judgment action against Ultimate/Kia in Indiana

14   Superior Court.  (C10-0598MJP; Dkt. No. 1-2 at 2.)  Tacit/Chronotrack filed the matter after

15   receiving a series of demand letters from Ultimate/Kia, the first dated March 21, 2008,

16   asserting Tacit/Chronotrack misappropriated proprietary information.  (Id. at 11, 14-15.)

17   Tacit/Chronotrack seek a declaration that they have not misappropriated trade secret

18   information from Ultimate/Kia.  The matter was removed to federal court and, ultimately,

19   transferred to this district on April 2, 2010.  Ultimate/Kia's counterclaim alleges

20   Tacit/Chronotrack breached various agreements and misappropriated trade secrets.

**Discussion**

21   

22   I.   Motion to Strike

23       Tacit/Chronotrack ask the Court to strike all references to participation in a mediation

24   among the parties because mention of the participation violates the terms of the Agreement

25   to Mediate.  (C10-0598MJP; Dkt. No. 71 at 4.)  Asserting they "frankly forgot" the language

26   in the agreement, Ultimate/Kia withdraws the references.  (Dkt. No. 160 at 6 n.2.)   The

1   Court strikes those portions of the briefing and declarations that reference the mediation

2   participation and draws no inference based on Tacit/Chronotrack's participation.

3       Counsel's stated excuse that he forgot the terms of an agreement he negotiated is

4   concerning on several levels.  (See Dkt. No. 160 at 6; Supp. Wright Decl., Ex. 1.)  The Court

5   observes that the declaration has been submitted by an attorney whose pro hac vice status has

6   been revoked.  (See Dkt. No. 102.)  If Mr. Wright is continuing to work with other counsel

7   for Ultimate/Kia to prepare documents for this matter, the Court expects Mr. Baum is

8   supervising him to the extent required to affix Mr. Baum's own signature on the pleading

9   pursuant to Fed. R. Civ. P. 11.  The Court further notes that it has twice sanctioned

10  Ultimate/Kia for failure to follow the rules governing discovery.  (See Dkt. Nos. 102, 162.)

11  As this matter approaches trial, the Court reminds the parties they must comply with the civil

12  rules and this Court's orders, as well as the agreements reached among the parties.

13      II.  Motion to Consolidate

14      If two cases "involve a common question of law or fact," Rule 42(a) provides the

15  Court may consolidate the actions or issue "any other orders to avoid unnecessary cost or

16  delay."  Fed. R. Civ. P. 42(a).  The Court considers a number of factors analyzing the

17  appropriateness of consolidation; those factors include judicial economy, whether

18  consolidation would expedite resolution, whether separate cases may yield inconsistent

19  results, and the potential prejudice to a party opposing consolidation.  See 8 Moore's Federal

20  Practice – Civil § 42.10[4-5]. Consolidation may be inappropriate where two cases have been

21  proceeding on two vastly different schedules to trial.  See Mills v. Beech Aircraft Corp., 886

22  F.2d 758, 762 (5th Cir. 1989).

23      First, there is no question consolidation would produce a significant delay in the

24  Ultimate Timing action.  Under the scheduling order originally issued in the Tacit Solutions

25  action, the parties would complete the exchange of expert reports no later than January 7,

26  2011.  (C10-0598MJP; Dkt. No. 52.)  In contrast, the parties in the Ultimate Timing action

ORDER - 3
(Case No. 2:08-CV-01632-MJP)

have completed the exchange of expert reports and the matter is set for trial in a few weeks time.  The differing progress of expert discovery is just one example of how these matters are significantly far apart in terms of trial preparedness.  Simms/SAI would be prejudiced by having to postpone the resolution of this case.  Likewise, Tacit/Chronotrack may be prejudiced if they were forced to litigate their dispute on a compressed schedule as Ultimate/Kia propose.  The Court agrees with Simms/SAI's concern that consolidation at this late phase would be "tantamount to allowing Plaintiffs to add additional parties and claims long after the deadlines for doing so have passed."  (Dkt. No. 158 at 10.)  Ulimate/Kia had the opportunity to join Tacit/Chronotrack if they intended to follow up on their demand letters, but failed to do so before the joinder deadline.  Simms/SAI should not be prejudiced by their failure to do so.  The Court finds that the matters' disparate progress weighs strongly against consolidation.

Second, though the factual allegations overlap, Ultimate/Kia's claims against the parties at hand are distinct.  In particular, the alleged agreements at issue in the Ultimate Timing action are different from the ones alleged in the Tacit Solutions case.  (See C10-0598MJP; Dkt. No. 71 at 8.)  Washington law governs the alleged nondisclosure agreement between Ultimate/Kia and Simms/SAI and Indiana law controls the Ultimate/Kia agreement with Tacit/Chronotrack.  (Id. at 9.)  There is at least potential for confusion if a jury were asked to apply different substantive law to purportedly parallel agreements.  The lack of overlap in the substantive claims further suggests consolidation is inappropriate.

Given the differences in trial preparedness and substantive claims, the Court finds consolidation is inappropriate.

**Conclusion**

The Court DENIES Ultimate/Kia's motion to consolidate.  (Dkt. No. 146.)  The Ultimate Timing action is almost ready for trial, while the Tacit Solutions case is not.  The Court further grants Tacit/Chronotracks' motion to strike the mention of the mediation from

1   the briefing on this issue.  The Court directs the Clerk to transmit copies of this Order to all

2   counsel of record and post a copy of this Order on the docket in C10-0598MJP.

3          Dated this 10th day of May, 2010.

4

5

6                                                  Marsha J. Pechman
                                                   United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 5
(Case No. 2:08-CV-01632-MJP)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26